IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| YEMIEL VICTORIO DELGADO | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv511 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Yemiel Victorio Delgado, an inmate confined at the Powledge Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

In his objections, petitioner asserts he should be entitled to equitable tolling based on his trial attorney's failure to file an appeal. Petitioner contends trial counsel did not withdraw from representation following trial, but failed to file an appeal as she had allegedly agreed. Thus, according to petitioner, counsel prevented him from timely appealing his conviction.

The one-year limitations period in section 2244(d) is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d

130 (2010).[1] "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, at 649. In *Holland*, the Court defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id.*, at 653. However, "equity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

After careful consideration, the court concludes petitioner has failed to demonstrate he is entitled to equitable tolling. While petitioner contends his lawyer failed to file an appeal as he claims she had agreed, petitioner has not presented the existence of rare and extraordinary circumstances as to warrant equitable tolling for enough time to make his federal petition timely filed. Additionally, petitioner did not diligently pursue his rights. Accordingly, petitioner's objections should be overruled.

Petitioner states in his objections he was aware of his lawyer's alleged failure to file an appeal in May 2010, the month during which he hired another lawyer.[2] Petitioner's state application

---

[1] Here, petitioner asserts he did not discover the fact that counsel had not filed an appeal until May 2010, approximately ten months after the judgment became final on July 5, 2009. To the extent petitioner's argument regarding appellate counsel may be interpreted as one made under 28 U.S.C. § 2244(d)(1)(D), the date of petitioner's actual discovery is not the relevant issue, but rather the date on which due diligence would have led to the discovery. *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" an event has occurred or he should act. *Johnson v. United States*, 544 U.S. 295, 308 (2005). A prisoner should be given enough time "to suspect counsel has dropped the ball, contact counsel or the court, wait for a response, and verify suspicion." *Ryan v. United States*, 657 F.3d 604 (7th Cir. 2011). Here, however, petitioner waited ten months which is too long. *See Ryan*, 657 F.3d at 607 (two months may be reasonable); *Wims v. United* States, 225 F.3d 186, 190-91 (2d Cir. 2000) (five month delay not clearly unreasonable); *Anjulo-Lopez v. United States*, 541 F.3d 814, 818-19 & n.4 (8th Cir. 2008) (holding three additional months is too long and noting that the claim could have been discovered when the conviction became final with no appeal having been filed).

A district court "need not decide precisely how long is too long if it can safely say that, wherever the line is, [the defendant] lies on one side or the other." *Ryan*, 657 F.3d at 608. Petitioner has failed to state or demonstrate any steps taken to learn an appeal was not filed. As in *Anjulo-Lopez*, the fact that an appeal was not filed is a matter of public record and the information could have been unearthed anytime after the deadline for filing an appeal passed. *See Anjulo-Lopez*, 541 F.3d at 819. Notably, petitioner does not assert the manner in which he purportedly learned the factual basis of his claim or the date on which he learned it. Further, other than contending counsel agreed to appeal his case, petitioner does not contest counsel's statements that she never had any discussions with him about appealing his case or filing a notice of appeal on his behalf. Thus, a reasonable person exercising due diligence could have been aware of counsel's failure soon after the conviction became final, far sooner than the ten months petitioner claims. Accordingly, petitioner's claims fall short of reasonable diligence required for the limitations period to begin on the date of his discovery, and section 2244(d)(1)(D) is unavailable to him. Further, petitioner failed to act diligently after learning of counsel's failure to file an appeal. Even affording petitioner the benefit of tolling pursuant to § 2244(d)(1)(D) for a reasonable period of two months, his petition is time-barred since more than twenty-three months elapsed before filing his state application, and he waited an additional five months to file this petition after the state court's denial of his applications.

[2] One of the exhibits attached to petitioner's objections is an engagement letter to petitioner's sister dated May 10, 2010. In the letter, the attorney offered to conduct an investigation and file an application for writ of habeas corpus on petitioner's behalf if the terms of his offer were agreeable. However, petitioner has not shown when the attorney was actually hired.

for writ of habeas corpus, however, was not filed until August 31, 2011.[3] The state application for writ of habeas corpus was denied by the Texas Court of Criminal Appeals without written order based on the trial court findings on February 27, 2013.

Even assuming, without deciding, equitable tolling is warranted for the period petitioner claims he was under the impression counsel would file, or did file, an appeal, petitioner's federal petition remains untimely. After discovering the alleged failure by his attorney in May 2010, petitioner had time to file his state application before the AEDPA's one-year deadline expired on July 5, 2010. However, petitioner did not diligently pursue his remedies. Petitioner's state application for writ of habeas corpus was not filed with the Texas Court of Criminal Appeals until more than fifteen months later, on August 31, 2011.

Considering the facts presented in this case, petitioner's claims more closely resemble garden variety claims of excusable neglect, falling short of showing extraordinary circumstances necessary to support equitable tolling. *See United States v. Wheaton*, __ F.3d __, 2016 WL 3457257, at *6-8 (5th Cir. 2016); *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008). Neither a party's "unfamiliarity with the legal process nor his lack of representation during the applicable filing period" warrants equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Further, attorney negligence alone does not suffice. *Holland,* 560 U.S. at 651-52. As petitioner has failed to show extraordinary circumstances, petitioner is not entitled to tolling for the period of time from discovery that no appeal was filed through the date his state application was filed, August 31, 2013. Moreover, petitioner failed to diligently pursue his remedies following the denial of his state application for writ of habeas corpus, waiting over five months after denial of the application before he filed this petition on July 29, 2013. Accordingly, petitioner is not entitled to equitable tolling for this period either, and his petition is barred by limitations.

Additionally, a state application for writ of habeas corpus which is filed after the federal limitations period has expired does not revive any portion of the fully-expired limitations period.

[3] *See Ex parte Delgado*, Writ Nos. WR-76,570-01 and 02, Attachments A and B.

*See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999). Here, petitioner's conviction became final on July 5, 2009. Thus, the one-year limitations period for petitioner's federal petition expired on July 5, 2010. Accordingly, petitioner's state application filed August 31, 2011 does not serve to toll limitations. Therefore, petitioner's federal petition, filed July 29, 2013, is more than three years too late.

Finally, to the extent petitioner attempts to rely on the recent Supreme Court decisions in *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye*, __U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), his attempt is without merit. The Fifth Circuit determined these cases did not announce new rules of constitutional law, but merely applied the Sixth Amendment right to counsel, as defined in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Miller v. Thaler*, 714 F.3d 897, 902 (5th Cir. 2013); *In re King*, 697 F.3d 1189 (2012). Thus, the decisions did not start a new limitations period. Further, the one-year limitations period would have been triggered on the date of the decisions, March 21, 2012. Therefore, petitioner's federal petition, filed on July 29, 2013, was untimely. Thus, the petition should be dismissed as barred by limitations.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate

of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So Ordered and Signed**

**Sep 14, 2016**

Ron Clark, United States District Judge



# Attachment A

**Scanned Feb 27, 2013**

## *CCA Scanning Cover Sheet*



2505882

CaseNumber: WR-76,570-01
EventDate: 11/26/2012
Style 1: Delgado, Yemiel Victorio
Style 2:
Event code: SUPP RECD 3RD

EventID: 2505882
Applicant first name: Yemiel Victorio
Applicant last name: Delgado
Offense:
Offense code:
Trial court case number: CR23747-A
Trial court name: 75th District Court
Trial court number: 321460075
County: Liberty
Trial court ID: 852
Event map code: FILING
Event description: Application for Writ of Habeas Corpus - 11.07
Event description code: WRIT
Remarks: SUPP/CLERK RECORD INCLUDING SECOND SUPPLEMENTAL FF&CL.....

☐ *Document Scanned*

☐ *Created or*
☐ *Appended*

*Scanned by* ______ *date* ______ *Image ID* ______

*Comment* ______

printed by KReyes
printed on 11/26/2012 11:03:12 AM

vers 1.1 mtc

Scanned Feb 27, 2013

**APPLICANT: YEMIEL VICTORIO DELGADO** **APPLICATION NO. WR-76,570-01**

## APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS

**ACTION TAKEN**

**DENIED WITHOUT WRITTEN ORDER ON FINDINGS OF TRIAL COURT AFTER HEARING.**

Barbara P. Hervey 2/27/13

**JUDGE** **DATE**

Scanned Feb 27, 2013

76,570-01
RECEIVED IN
COURT OF CRIMINAL APPEALS
NOV 26 2012
Louise Pearson, Clerk

3RD SUPPLEMENTAL CLERK'S RECORD

No.

CAUSE NO. CR23747-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | LIBERTY COUNTY, TEXAS |
| | § | |
| YEMIEL VICTORIO DELGADO | § | 75TH JUDICIAL DISTRICT COURT |

---

TRANSCRIPT FROM THE 75TH JUDICIAL DISTRICT COURT OF LIBERTY COUNTY, TEXAS.

HONORABLE MARK MOREFIELD, PRESIDING

FRED DAHR (ATTORNEY FOR APPELANT)
ATTORNEY AT LAW
5 HOUSTON CENTER
1401 MCKINNEY, SUITE 1625
HOUSTON, TEXAS 77010

LOGAN PICKETT (ATTORNEY FOR APPELLEE)
ASSISTANT DISTRICT ATTONREY
LIBERTY COUNTY, TEXAS
P. O. BOX 4008
LIBERTY, TEXAS 77575

---

APPLIED FOR BY FRED DAHR, ATTORNEY FOR YEMIEL VICTORIO DELGADO ON THE 31ST DAY OF AUGUST, 2011, AND DELIVERED TO THE COURT OF CRIMINAL APPEALS ON THE 20TH DAY OF NOVEMEBER, 2012.

DONNA G. BROWN, DISTRICT CLERK
LIBERTY COUNTY, TEXAS

BY: Casundra Hebert, DEPUTY
CASUNDRA HEBERT

Scanned Feb 27, 2013

| EX PARTE | APPLICATION FOR WRIT OF HABEAS CORPUS |
|---|---|
| | LIBERTY COUNTY, TEXAS |
| YEMIELVICTORIO DELGADO | 75th JUDICIAL DISTRICT |

TRIAL COURT WRIT NO. CR23747-A

**CLERK'S SUMMARY SHEET**

| | | | |
|---|---|---|---|
| APPLICANT'S NAME: | YEMIEL VICTORIO DELGADO | | |
| CAUSE NO.: | CR23747-A | | |
| OFFENSE: | AGGERVATED KIDNAPPING | | |
| SENTENCE: | 15 YEARS TDCJ | | |
| PLEA: | GUILTY | | |
| TRIAL DATE: | N/A | | |
| JUDGE'S NAME: | C.T. Hight | | |
| APPEAL NO.: | N/A | | |
| CITATION TO OPINION: | N/A | S.W. 2D: | N/A |
| HEARING HELD: | No | | |
| FINDINGS AND CONCLUSIONS FILED: | NO | | |
| RECOMMENDATION: | None Filed | | |
| JUDGE'S NAME: | MARK MOREFIELD | | |

Scanned Feb 27, 2013

CAUSE NO. CR23747-A

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| --- | --- | --- |
| | § | |
| VS. | § | LIBERTY COUNTY, TEXAS |
| | § | |
| YEMIEL VICTORIO DELGADO | § | 75TH JUDICIAL DISTRICT COURT |

**INDEX**


| Date Filed | | Page |
| --- | --- | --- |
| | Caption | 1 |
| 11.19.2012 | Second Supplemental Findings of Fact and Conclusion of Law | 2 |
| | Docket Sheet | 4 |
| | Clerk's Certificate | 6 |

Scanned Feb 27, 2013

**CAPTION**

STATE OF TEXAS §
§
COUNTY OF LIBERTY §

IN THE 75TH JUDICIAL DISTRICT COURT OF LIBERTY COUNTY, TEXAS THE HONORABLE MARK MOREFIELD, PRESIDING. THE FOLLOWING PROCEEDINGS WERE HELD AND THE FOLLOWING INSTRUMENTS AND OTHER PAPERS WERE FILED IN THIS CAUSE, TO WIT:

CAUSE NO. CR23747-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | LIBERTY COUNTY, TEXAS |
| | § | |
| YEMIEL VICTORIO DELGADO | § | 75TH JUDICIAL DISTRICT COURT |

APPLICATION FOR WRIT OF HABEAS CORPUS FILED: AUGUST 31, 2011

INDICTED: AUGUST 8, 2001

Scanned Feb 27, 2013

NO. CR23747-A

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT OF |
| | § | |
| EXPARTE | § | |
| | § | LIBERTY COUNTY, TEXAS |
| | § | |
| | § | |
| YEMIEL DELGADO | § | 75TH JUDICIAL DISTRICT COURT |

## SECOND SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the Court of Criminal Appeals' Order dated September 12, 2012, the trial court makes and enters the following findings of fact and conclusions of law, in supplementation of previous findings and conclusions:

FINDINGS OF FACT

1. Trial counsel's failure to interview witnesses (Applicant's mother and niece, and the victim's two children) would not, in reasonable probability, have altered Applicant's decision to plead no contest as the testimony of such witnesses would be cumulative of other witnesses known to and interviewed by trial counsel, or were otherwise inaccessible to trial counsel. Moreover, such persons if called as witnesses would likely further corroborate key evidence in support of the State's case. (See Findings of Fact 18.; and Supplemental Findings of Fact 4., 5. and 6.)

2. Trial counsel's failure to employ experts to analyze (i) the sexual assault examination report, (ii) the acrylic fingernails found in Applicant's vehicle or (iii) the dents to the inside of the trunk of Applicant's vehicle would not, in reasonable probability, have altered Applicant's decision to plead no contest as any such expert analysis would not, to any degree of reasonable probability, result in exculpatory evidence, or undermine a finding of Applicant's guilt. (See Supplemented Findings of Fact - 22).

3. In light of the incriminating evidence against Applicant and the fact that Applicant fled Texas to avoid apprehension for a number of years, Applicant's plea of no contest represented a voluntary and intelligent choice among the alternative courses of action available to Applicant.

Scanned Feb 27, 2013

4. Had trial counsel interviewed the witnesses identified in Finding 1 above and employed experts to analyze the items identified in Finding 2 above, the evidence, if any, obtained from such would not likely change the advice of trial counsel or the election of Applicant to plead no contest to the charges against Applicant.

5. The errors of trial counsel as identified in the Supplemental Findings of Fact and Conclusions of Law previously filed herein did not, based on a reasonable degree of probability, cause the Applicant to plead no contest rather than go to trial.

## CONCLUSIONS OF LAW

1. The two part *Strickland v. Washington* test applies to challenges of no contest or guilty pleas based on ineffective assistance of counsel.

2. The "prejudice" requirement of the test requires a showing by Applicant that, but for trial counsel's errors, Applicant would not have pled no contest and would have insisted on going to trial.

3. Applicant has failed to show "prejudice" in that Applicant has failed to show that by interviewing the omitted witnesses or by hiring experts to analyze the complained of evidence, there is a reasonable probability that Applicant would not have pled no contest and would have insisted on going to trial for the reasons set forth in Finding 1 and 2 above.

It is the considered recommendation of this Court that Applicant's request for relief be denied.

It is ORDERED that the Clerk of this Court prepare a supplemental transcript consisting of these Second Supplemental Findings of Fact and Conclusions of Law, and transmit same to the Court of Criminal Appeals for its further consideration.

SIGNED this 16th day of November 2012.

Mark Morefield, Judge
75th District Court

FILED at 3 o'clock P M

NOV 19 2012

DONNA G. BROWN
Clerk, District Court, Liberty, TX
BY [signature] DEPUTY

Scanned Feb 27, 2013

# CRIMINAL DOCKET

CASE NO. CR23747-A

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | OFFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| CR23747-A | The State of Texas | Logan Pickett | Writ of Habeas Corpus - Aggravated Kiddnapping | Aug. | 31 | 2011 |
| | VS | STATE | | INFORMATION OR INDICTMENT | | |
| | Yemiel Victorio Delgado | Fred Dahr | | | | |
| FEE BOOK VOL / PAGE | | DEFENDANT | | | | |

| DATE OF ORDERS MONTH | DAY | YEAR | ORDERS OF COURT | MINUTE BOOK VOL | PAGE | WITNESSES |
|---|---|---|---|---|---|---|
| Aug. | 31 | 2011 | Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 and Memorandum Findings of Facts and Conclusions of Law filed by Fred Dahr on behalf ofYemiel Victorio Delgado. | | | |
| Sept. | 2 | 2011 | State's Waiver of Notice by Ceritified Mail of Application for Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure Article 11.07 filed. | | | |
| Sept. | 20 | 2011 | Order Directing Evidence on Controverted. Unresolved Facts entered | | | |
| Oct | 6 | 2011 | Clerks record prepared and mailed to Court of Appeals | | | |
| Nov | 3 | 2011 | Trial Court's Findings of Fact and Conclusions of Law entered | | | |
| Nov | 10 | 2011 | Prepared and mailed Clerks 1st Supplemental record to Court of Appeals | | | |

Scanned Feb 27, 2013

The State of Texas

vs.

NO. CR23747-A PG2

Yemiel Victorio Delgado

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|---|
| MONTH | DAY | YEAR | | VOL | PAGE | |
| Feb | 21 | 2012 | Order - to be resolved in 90 Days supplemental Clerks record due in 180 Days | | | |
| April | 12 | 2012 | Supplemental Findings of Fact and Conclusions of Law. | | | |
| April | 12 | 2012 | Prepared and mailed Clerk's 2nd supplemental record to Court of Appeals. | | | |
| Sept | 17 | 2012 | Order from the Court of Appeals | | | |
| Nov | 19 | 2012 | Second Supplemental Findings of Fact and Conclusion of Law entered | | | |
| Nov | 20 | 2012 | Prepared and Mailed 3rd Supplemental Clerk's Record. | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Scanned Feb 27, 2013

**CLERK'S CERTIFICATE**

STATE OF TEXAS §
§
COUNTY OF LIBERTY §

I, Donna G. Brown, Clerk of the District Courts in and for Liberty County, State of Texas, do hereby certify that the above and foregoing are true and correct copies of all proceedings to be included in the transcript in Cause No. CR23747-A in the case of The State of Texas vs. Yemiel Victorio Delgado, as the same appears from the originals now on file and of record in this office.

Given under my hand and seal of office in the County of Liberty on the 20th day of November, 2012.

DONNA G. BROWN, District Clerk
Liberty County, Texas

By: [signature], Deputy
Casundra Hebert



# Attachment B

**Scanned Feb 28, 2013**

# *CCA Scanning Cover Sheet*



2505881

CaseNumber: WR-76,570-02
EventDate: 11/26/2012
Style 1: Delgado, Yemiel Victorio
Style 2:
Event code: SUPP RECD 3RD

EventID: 2505881
Applicant first name: Yemiel Victorio
Applicant last name: Delgado
Offense:
Offense code:
Trial court case number: CR23886-A
Trial court name: 75th District Court
Trial court number: 321460075
County: Liberty
Trial court ID: 852
Event map code: FILING
Event description: Application for Writ of Habeas Corpus - 11.07
Event description code: WRIT
Remarks: SUPP CLERK RECORD INCLUDING 2ND SUPPLEMENTAL FF&CL....

☐ *Document Scanned*

☐ *Created or*
☐ *Appended*

*Scanned by* ________ *date* ________ *Image ID* ________

*Comment* ________

printed by KReyes
printed on 11/26/2012 11:01:34 AM

vers 1.1 mtc

Scanned Feb 28, 2013

APPLICANT: YEMIEL VICTORIO DELGADO APPLICATION NO. WR-76,570-02

## APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS

**ACTION TAKEN**

**DENIED WITHOUT WRITTEN ORDER ON FINDINGS OF TRIAL COURT AFTER HEARING.**

Barbara P. Hervey 2/27/13

JUDGE DATE

Scanned Feb 28, 2013

76,570-02

3RD SUPPLEMENTAL CLERK'S RECORD

No.

CAUSE NO. CR23886-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | LIBERTY COUNTY, TEXAS |
| | § | |
| YEMIEL VICTORIO DELGADO | § | 75TH JUDICIAL DISTRICT COURT |

TRANSCRIPT FROM THE 75TH JUDICIAL DISTRICT COURT OF LIBERTY COUNTY, TEXAS.

HONORABLE MARK MOREFIELD, PRESIDING

FRED DAHR (ATTORNEY FOR APPELANT)
ATTORNEY AT LAW
5 HOUSTON CENTER
1401 MCKINNEY, SUITE 1625
HOUSTON, TEXAS 77010

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 26 2012

Louise Pearson, Clerk

LOGAN PICKETT (ATTORNEY FOR APPELLEE)
ASSISTANT DISTRICT ATTONREY
LIBERTY COUNTY, TEXAS
P. O. BOX 4008
LIBERTY, TEXAS 77575

APPLIED FOR BY FRED DAHR, ATTORNEY FOR YEMIEL VICTORIO DELGADO ON THE 31ST DAY OF AUGUST, 2011, AND DELIVERED TO THE COURT OF CRIMINAL APPEALS ON THE 20TH DAY OF NOVEMEBER, 2012.

DONNA G. BROWN, DISTRICT CLERK
LIBERTY COUNTY, TEXAS

BY: Casundra Hebert, DEPUTY
CASUNDRA HEBERT

Scanned Feb 28, 2013

EX PARTE

YEMIELVICTORIO DELGADO

APPLICATION FOR WRIT OF HABEAS CORPUS

LIBERTY COUNTY, TEXAS

75th JUDICIAL DISTRICT

TRIAL COURT WRIT NO. CR23886-A

**CLERK'S SUMMARY SHEET**

| | | | |
|---|---|---|---|
| APPLICANT'S NAME: | YEMIEL VICTORIO DELGADO | | |
| CAUSE NO.: | CR23886-A | | |
| OFFENSE: | AGGERVATED SEXUAL ASSUALT | | |
| SENTENCE: | 15 YEARS TDCJ | | |
| PLEA: | GUILTY | | |
| TRIAL DATE: | N/A | | |
| JUDGE'S NAME: | C.T. Hight | | |
| APPEAL NO.: | N/A | | |
| CITATION TO OPINION: | N/A | S.W. 2D: | N/A |
| HEARING HELD: | No | | |
| FINDINGS AND CONCLUSIONS FILED: | NO | | |
| RECOMMENDATION: | None Filed | | |
| JUDGE'S NAME: | MARK MOREFIELD | | |

Scanned Feb 28, 2013

CAUSE NO. CR23886-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | LIBERTY COUNTY, TEXAS |
| | § | |
| YEMIEL VICTORIO DELGADO | § | 75TH JUDICIAL DISTRICT COURT |

**INDEX**


| Date Filed | | Page |
|---|---|---|
| | Caption | 1 |
| 11.19.2012 | Second Supplemental Findings of Fact and Conclusion of Law | 2 |
| | Docket Sheet | 4 |
| | Clerk's Certificate | 6 |

Scanned Feb 28, 2013

**CAPTION**

STATE OF TEXAS §
§
COUNTY OF LIBERTY §

IN THE 75TH JUDICIAL DISTRICT COURT OF LIBERTY COUNTY, TEXAS THE HONORABLE MARK MOREFIELD, PRESIDING. THE FOLLOWING PROCEEDINGS WERE HELD AND THE FOLLOWING INSTRUMENTS AND OTHER PAPERS WERE FILED IN THIS CAUSE, TO WIT:

CAUSE NO. CR23886-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | LIBERTY COUNTY, TEXAS |
| | § | |
| YEMIEL VICTORIO DELGADO | § | 75TH JUDICIAL DISTRICT COURT |

APPLICATION FOR WRIT OF HABEAS CORPUS FILED: AUGUST 31, 2011

INDICTED: NOVEMBER 28, 2001

Scanned Feb 28, 2013

NO. CR23886-A

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT OF |
| | § | |
| EXPARTE | § | |
| | § | LIBERTY COUNTY, TEXAS |
| | § | |
| | § | |
| YEMIEL DELGADO | § | 75TH JUDICIAL DISTRICT COURT |

## SECOND SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the Court of Criminal Appeals' Order dated September 12, 2012, the trial court makes and enters the following findings of fact and conclusions of law, in supplementation of previous findings and conclusions:

### FINDINGS OF FACT

1. Trial counsel's failure to interview witnesses (Applicant's mother and niece, and the victim's two children) would not, in reasonable probability, have altered Applicant's decision to plead no contest as the testimony of such witnesses would be cumulative of other witnesses known to and interviewed by trial counsel, or were otherwise inaccessible to trial counsel. Moreover, such persons if called as witnesses would likely further corroborate key evidence in support of the State's case. (See Findings of Fact 18.; and Supplemental Findings of Fact 4., 5. and 6.)

2. Trial counsel's failure to employ experts to analyze (i) the sexual assault examination report, (ii) the acrylic fingernails found in Applicant's vehicle or (iii) the dents to the inside of the trunk of Applicant's vehicle would not, in reasonable probability, have altered Applicant's decision to plead no contest as any such expert analysis would not, to any degree of reasonable probability, result in exculpatory evidence, or undermine a finding of Applicant's guilt. (See Supplemented Findings of Fact - 22).

3. In light of the incriminating evidence against Applicant and the fact that Applicant fled Texas to avoid apprehension for a number of years, Applicant's plea of no contest represented a voluntary and intelligent choice among the alternative courses of action available to Applicant.

Scanned Feb 28, 2013

4. Had trial counsel interviewed the witnesses identified in Finding 1 above and employed experts to analyze the items identified in Finding 2 above, the evidence, if any, obtained from such would not likely change the advice of trial counsel or the election of Applicant to plead no contest to the charges against Applicant.

5. The errors of trial counsel as identified in the Supplemental Findings of Fact and Conclusions of Law previously filed herein did not, based on a reasonable degree of probability, cause the Applicant to plead no contest rather than go to trial.

CONCLUSIONS OF LAW

1. The two part *Strickland v. Washington* test applies to challenges of no contest or guilty pleas based on ineffective assistance of counsel.

2. The "prejudice" requirement of the test requires a showing by Applicant that, but for trial counsel's errors, Applicant would not have pled no contest and would have insisted on going to trial.

3. Applicant has failed to show "prejudice" in that Applicant has failed to show that by interviewing the omitted witnesses or by hiring experts to analyze the complained of evidence, there is a reasonable probability that Applicant would not have pled no contest and would have insisted on going to trial for the reasons set forth in Finding 1 and 2 above.

It is the considered recommendation of this Court that Applicant's request for relief be denied.

It is ORDERED that the Clerk of this Court prepare a supplemental transcript consisting of these Second Supplemental Findings of Fact and Conclusions of Law, and transmit same to the Court of Criminal Appeals for its further consideration.

SIGNED this 16th day of November 2012.

Mark Morefield, Judge
75th District Court



FILED at 3 o'clock P M
NOV 19 2012
DONNA G. BROWN
Clerk District Court Liberty, TX
BY ... DEPUTY

Scanned Feb 28, 2013

# CRIMINAL DOCKET

CASE NO. CR23886-A

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | OFFFENSE | DATE OF FILING MONTH | DAY | YEAR |
|---|---|---|---|---|---|---|
| CR23886-A | The State of Texas | Logan Pickett | Writ of Habeas Corpus - Aggrevated Kiddnapping | Aug. | 31 | 2011 |
| | VS | STATE | | INFORMATION OR INDICTMENT | | |
| | Yemiel Victorio Delgado | Fred Dahr | | | | |
| FEE BOOK VOL / PAGE | | DEFENDANT | | | | |

| DATE OF ORDERS MONTH | DAY | YEAR | ORDERS OF COURT | MINUTE BOOK VOL | PAGE | WITNESSES |
|---|---|---|---|---|---|---|
| Aug. | 31 | 2011 | Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 and Memorandum Findings of Facts and Conclusions of Law filed by Fred Dahr on behalf ofYemiel Victorio Delgado. | | | |
| Sept. | 2 | 2011 | State's Waiver of Notice by Ceritified Mail of Application for Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure Article 11.07 filed. | | | |
| Sept | 20 | 2011 | Order Directing Evidence on Controverted, Unresolved Facts entered | | | |
| Oct | 10 | 2011 | Clerks record prepared and mailed to Court of Appeals | | | |
| Nov | 3 | 2011 | Trial Court's Findings of Fact and Conclusions of Law entered | | | |
| Nov | 10 | 2011 | Prepared and mailed Clerk's 1st Supplemental record to Court of Appeals | | | |

Scanned Feb 28, 2013

The State of Texas

VS. NO. CR23886-A PG2

Yemiel Victorio Delgado

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|---|
| MONTH | DAY | YEAR | | VOL | PAGE | |
| Feb | 21 | 2012 | Order - to be resolved in 90 Days supplemental | | | |
| | | | Clerks Record due in 120 Days | | | |
| April | 12 | 2012 | Supplemental Finding Of Fact and | | | |
| | | | Conclusions Of Law entered | | | |
| | | | Prepared and mailed Clerks 2nd Supplemental | | | |
| | | | Record to Court of Appeals. | | | |
| Sept | 17 | 2012 | Order from the Court of Criminal | | | |
| | | | Appeals. | | | |
| Nov | 19 | 2012 | Second Supplemental Findings of | | | |
| | | | Fact and Conclusions of Law Entered | | | |
| Nov | 20 | 2012 | Prepared and Mailed 3rd Supplemental | | | |
| | | | Clerks Record. | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Scanned Feb 28, 2013

**CLERK'S CERTIFICATE**

STATE OF TEXAS §
§
COUNTY OF LIBERTY §

I, Donna G. Brown, Clerk of the District Courts in and for Liberty County, State of Texas, do hereby certify that the above and foregoing are true and correct copies of all proceedings to be included in the transcript in Cause No. CR23886-A in the case of The State of Texas vs. Yemiel Victorio Delgado, as the same appears from the originals now on file and of record in this office.

Given under my hand and seal of office in the County of Liberty on the 20th day of November, 2012.

DONNA G. BROWN, District Clerk
Liberty County, Texas

By: ______________, Deputy
Casundra Hebert